UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HAROLD CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-02007-JPH-MJD |
| ) | |
| SELENE FINANCE, LP, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant's Unopposed Motion for Stay Pending Appeal in Similar Litigation. [Dkt. 39.] Defendant seeks to stay this case in its entirety until the Seventh Circuit resolves a recently filed appeal from a ruling in the Northern District of Illinois, because the Seventh Circuit's ruling in that appeal "will have direct applicability to the analysis and potential viability of Plaintiff's claims . . . in this case." *Id.* at 1. As the Court has noted before,

> A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC,* No. 2:11 CV 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug.1, 2012) (citing *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case[.]" *Cloverleaf Golf Course, Inc. v. FMC Corp.,* No. 11-CV-190-DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011) (citing *Indiana State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961, 129 S. Ct. 2275, 173 L.Ed.2d 1285 (2009)).
>
> To carry its burden, the movant must show that good cause exists for the stay: the good cause determination encompasses factors such as whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case;

> and whether the stay will reduce the burden of litigation for the parties or the court. *Fair Oaks Dairy Farms,* 2012 WL 3138108, at *2 (citing *Abbott Laboratories v. Matrix Laboratories, Inc.,* 2009 WL 3719214, *2 (N.D. Ill. 2009)); *see also id.* (emphasis added) (quotation marks and citations omitted) ("[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it."). District courts have "extremely broad discretion" in weighing these factors and in deciding whether a stay should issue. *Cloverleaf,* 2011 WL 2838178, at *2 (emphasis original) (citing *Crawford-El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).

*U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221, at *1-2 (S.D. Ind. June 30, 2015).

In this case, the Court, in its discretion, **DENIES** the motion to stay. The median time a non-prisoner civil appeal pended in the Seventh Circuit in the year ending September 2023—the last period for which statistics are available—was 10.3 months. *See* https://www.uscourts.gov/sites/default/ files/data_tables/jb_b4a_0930.2023.pdf. Weighing the possibility that some or all of the issues in this case will be informed by the Seventh Circuit's ruling against the certainty of a substantial delay in the resolution of this case if a stay is granted, the Court finds that a stay is not warranted. This case shall proceed pursuant to the current case schedule.

SO ORDERED.

Dated: 13 MAR 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.